IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In The Matter of the Search of: | ) |
| | ) |
| | ) |
| GOOGLE, INC., | ) Case No. 18-MJ-008-N |
| 1600 Amphitheatre Way | ) |
| Mountain View, CA 94043 | ) |
| | ) |

## MOTION TO VACATE, OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW TODD EDMISTON AND BART EDMISTON, by and through counsel, and move this Honorable Court to vacate the search warrant against GOOGLE, INC. compelling Google, Inc. to search and recover information associated with the email accounts todd.edmiston@gmail.com, toddedmiston@gmail.com and bartedmiston@gmail.com, issued herein on or about the 14th day of February, 2018, or, in the alternative, to issue a protective order protecting from inspection and disclosure certain email communications set forth below, and as grounds therefore, states as follows:

1. On or about the day of 14th day of February, upon filing for a request for a search warrant by the Federal Bureau of Investigation and/or the U. S. Attorney's Office for the Southern District of Alabama, Magistrate Katherine P. Nelson issued a search warrant against Google Corporation for emails or electronic communications belonging to Todd Edmiston and Bart Edmiston, two medical doctors who reside, respectively, in Fairhope, Alabama and Ocean Springs, Mississippi.

2. The U. S. Government has never informed Todd Edmiston or Bart Edmiston that a search warrant had been issued to Google, Inc. for their emails or electronic communications.

3. Emails and electronic communications of Todd Edmiston and Bart Edmiston, subject to the search warrant issued herein, contain privileged physician-patient communications to and/or from patients of said medical doctors and attorney-client privileged communications to and from attorneys for said medical doctors.

4. Bart Edmiston and Todd Edmiston contend that emails between themselves and patients, and emails between themselves and other physicians that concern patients, are not relevant to the matters under investigation by the U. S. Government. Neither Bart nor Todd Edmiston has ever issued any medically unnecessary prescriptions, and to their knowledge, very few, if any, of said emails and electronic communications involve prescriptions to patients. Consequently, said emails and electronic communications are not relevant to a legitimate law enforcement inquiry.

5. Email communications between Bart Edmiston and Todd Edmiston and attorneys are attorney-client privileged matters, and the Edmistons have discussed via email communication, with attorneys, the matters being investigated in this matter. Consequently, said emails are not relevant to a legitimate law enforcement inquiry as they are attorney-client privileged communications not subject to disclosure absent a showing from the government of illegal conduct between attorneys and Bart Edmiston and/or Todd Edmiston, and no showing of such evidence exists. Bart and Todd Edmiston, during the years 2016, 2017, and 2018, and as recently

as the date of this filing, have communicated with their undersigned attorney, via the email addresses listed herein, about the investigation this search warrant concerns.

6. Both attorney-client and doctor-patient privileged communications are protected from disclosure by *18 USC §2517(4)*: *"No otherwise privileged wire, oral, or electronic communication intercepted in accordance with, or in violation of, the provisions of this chapter shall lose its privileged character.*

7. The use of email communication between attorneys and clients does not create a waiver of attorney-client privilege where the parties have a reasonable expectation of privacy. See *Ben Delsa, E-Mail and the Attorney-Client Privilege: Simple E-Mail in Confidence*, 59 LA. L. REV. 935, 943 (1999); See also *Evan R. Shirley, Dlibert, Supermodels & Confidentiality of E-Mails Under Hawaii Law*, 3 HAW. B. J., 6 (1999).

8. E-Mail communications between attorney and client are to be afforded the same level of protection as they would receive when attorneys and clients use telephones, cellular telephones, facsimile transmissions, and other types of electronic communication. *ABA Formal Opinion, 99-413 (1999)*.

9. The search warrant issued herein is unrestricted and will allow for the government to obtain the privileged communications noted herein; moreover, as no time parameters are placed within said warrant, it seeks to obtain all electronic communications of the Edmistons, even those from years before the period of this investigation.

10. The search warrant is thus due to be vacated, or in the alternative, restricted by this court by further order limiting the production of emails sought, or by protective order restricting production of electronic communications from certain e-mail addresses of individuals with whom Bart Edmiston and/or Todd Edmiston have communicated with, to include emails to and from attorneys, emails to and from clergy, emails to and from patients, emails to and from health care providers from whom the Edmistons have received treatment, and emails between either of the Edmistons and other medical doctors with whom they have communicated concerning patients.

11. The search warrant herein, as drafted and issued, is overly broad and works to compromise confidential health care information of patients of Bart and Todd Edmiston, none of whom have been notified of these proceedings and afforded an opportunity to protect their sensitive health care information.

12. In support of this motion, affidavits of Todd Edmiston, and Bart Edmiston are attached hereto as "Exhibit A" and "Exhibit B."

WHEREFORE, premises considered, Bart Edmiston and Todd Edmiston pray this Honorable Court will vacate the search warrant issued herein, or in the alternative, fashion restrictions and/or issue a protective order preventing the release of confidential electronic communications detailed in this motion.

Respectfully submitted this the 6th day of April, 2018.

/s/ Dan W. Taliaferro
Dan W. Taliaferro,
Attorney for Todd Edmiston
And Bart Edmiston

DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080
Email: danwtaliaferro@msn.com

### Certificate of Service

I hereby certify that on the 6th day of March, 2018, I served a copy of the foregoing, by electronically filing the same with Alacourt / Alafile, on the following:

Chris Bodnar, Esq.
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602

/s/ Dan W. Taliaferro
DAN W. TALIAFERRO (TAL 006)
Attorney for Defendant

## AFFIDAVIT OF TODD EDMISTON

Before me, the undersigned authority, personally appeared Todd Edmiston, who being first duly sworn, did depose and state under oath as follows:

1. "My name is Todd Edmiston, I am 47 years old, and I reside at 8825 Morphy Avenue, Fairhope, Alabama 36532, and I am employed as a medical doctor."

2. "I am a customer or subscriber to the service from which the contents of electronic communications maintained for me have been sought. I have email communications that are sent through Google, and/or are remotely stored through Google, and it is my understanding that the U. S. Government is seeking those email communications through the use of a search warrant."

3. "Attorney-client privileged and confidential email communications between myself and attorneys are present within the electronic communications sought by the government and stored by Google. Doctor-patient privileged and confidential communications are present between myself and patients within the electronic communications sought by the government and stored by Google. Additionally, there are private and privileged communications between myself and my pastor within my electronic communications, and there are private and privileged communications between myself and physicians who have provided medical care for me."

4. "I am required by HIPAA to maintain the confidentiality of doctor-patient medical records."

5. "I have never written medically unnecessary prescriptions and I have never written prescriptions for patients of whom I failed to see and/or provide medical treatment; consequently, the electronic communications sought by the government are not relevant to a legitimate law enforcement inquiry. To the best of my knowledge, I have never violated any federal or state law regarding any health care I have provided."

6. "This affidavit is based on my own personal knowledge and is true and correct to the best of my knowledge."

Todd Edmiston

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 6th DAY OF APRIL, 2018.

STATE OF ALABAMA

COUNTY Baldwin

Before me, the undersigned authority, personally appeared Bart Edmiston, who provided identification proving his identity and who being first duly sworn, did depose and state that the contents of this affidavit are based on his own personal knowledge and are true and correct to the best of his knowledge.

NOTARY PUBLIC   My Commission Expires
My commn. expires:   11/24/2018

EXHIBIT B

## AFFIDAVIT OF BART EDMISTON

Before me, the undersigned authority, personally appeared Bart Edmiston, who being first duly sworn, did depose and state under oath as follows:

1. "My name is Bart Edmiston, I am 44 years old, I reside at 607 Rue Dauphine, Ocean Springs, Mississippi 39564, and I am employed as a medical doctor."

2. "I am a customer or subscriber to the service from which the contents of electronic communications maintained for me have been sought. I have email communications that are sent through Google, and/or are remotely stored through Google, and it is my understanding that the U. S. Government is seeking those email communications through the use of a search warrant."

3. "Attorney-client privileged and confidential email communications between myself and attorneys are present within the electronic communications sought by the government and stored by Google. Doctor-patient privileged and confidential communications are present between myself and patients within the electronic communications sought by the government and stored by Google."

4. "I am required by HIPAA to maintain the confidentiality of doctor-patient medical records."

5. "I have never written medically unnecessary prescriptions and I have never written prescriptions for patients of whom I failed to see and/or provide medical treatment; consequently, the electronic communications sought by the government are not relevant to a legitimate law enforcement inquiry. To the best of my knowledge, I have never violated any federal or state law regarding any health care I have provided."

6. "This affidavit is based on my own personal knowledge and is true and correct to the best of my knowledge."

Bart Edmiston

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 6 DAY OF APRIL, 2018.

STATE OF ~~MISSISSIPPI~~ Tennessee
COUNTY Sevier

Before me, the undersigned authority, personally appeared Bart Edmiston, who provided identification proving his identity and who being first duly sworn, did depose and state that the contents of this affidavit are based on his own personal knowledge and are true and correct to the best of his knowledge.



Brenda Morgan
NOTARY PUBLIC
My commn. expires: Aug 24-2021