## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

In The Matter of the Search of:    )
                                   )
**GOOGLE, INC.,**                  )  **Case No. 18-MJ-008-N**
**1600 Amphitheatre Way**          )
**Mountain View, CA 94043**        )
                                   )

## DEFENDANTS' RESPONSE TO GOVERNMENT'S DEFENSE OF SEARCH WARRANTS ISSUED AGAINST GOOGLE

The primary problem with the warrant issued herein is that the warrants are too broad and too general, and federal courts have increasingly been averse to granting such warrants; accordingly, this warrant is due to be quashed. The government has been in the habit of presenting search warrants, for electronic information, to magistrates that are general in nature and all inclusive and without restriction, i.e., allowing the government to collect all emails from a target of its investigation.

United States Magistrate Judge David J. Waxse, issuing an opinion in *In the Matter of the Search of Premises known as: Three Hotmail Email Accounts,* Number 16-MJ-8036-DJW, 2016 WL 1239916 (D. Kansas 2016), was presented with a search warrant, much like the one *sub judice,* that requested the search of all emails from the target of its investigation. Magistrate Waxse, in denying the application for the search warrant, observed:

> "[i]f the Court were to authorize this warrant, it would be contradicting the manifest purpose of the Fourth Amendment's particularity requirement, which is to prevent general searches."

*Id.*

Herein, Defendants have never been provided with a copy of the affidavit in support of the government's search warrant, but must base its argument only on the warrant itself. This

warrant herein requests "…the contents of *all emails* associated with this account, including stored or preserved copies sent to and from the account…" [emphasis added]. The government's request is not restricted as to time or scope. The warrant allows the government to seize emails sent to and from the accounts from 2018 back to the date the account was opened, which could conceivably be as distant as 1994. There is nothing reasonable in a request of email records that may encompass a twenty (20) year period, and there is nothing reasonable with a request to seize "all" emails, including those of an intimate, private nature, as well as those privileged by law. Magistrate Waxse, when confronted by such a broad request as here, denied the warrants as being a general search and unconstitutional.

Where has the government shown probable cause to seize "all" of the emails from the targets of its investigation? The government nevertheless seeks to seize all of the emails, sent to and from the accounts to be seized, with no limitation as to time or scope. The government has not shown there is any evidence or suspicion of illegal conduct prior to 2014. Its related civil forfeiture complaint, filed in the Middle District of Alabama (Case Number 2:17-cv-80-WHA-GMB) on February 16, 2017, only concerns alleged illegal activities committed between 2014 and 2016. *See* paragraphs 28 and 29 of complaint, attached hereto as "Exhibit A." Where then does the government receive its authority, and where does it show probable cause, to seize from defendants documents and emails prior to or after the circumscribed and limited dates it uses in its own related civil forfeiture filings?

Magistrate Waxse, in denying the government's search warrant similar to the immediate one, stated:

> "In light of this and the Court's previous opinions, the government's present search warrant application must be denied. The government continues to insist it is entitled to *all* of an individual's email communications, despite only establishing probable cause for

> part of it and despite admitting it is only interested in seizing
> evidence after September 7, 2008."

*Id.* at 40. [emphasis supplied by Court]. Herein, there is an identical failure of the government to

submit evidence that it is entitled to emails for the period it has requested, specifically being

every email ever sent or stored on the ISP for Defendants.

John Capel, U.S. Magistrate Judge for the Middle District of Alabama, was presented

with an application for a search warrant remarkably similar to the present case, namely *In The*

*Matter Of The Search Of Information Associated With The Search Of Fifteen Email Addresses*

*Stored At Premises Owned, Maintained, Or Controlled By 1 & 1 Media, Inc., Google, Inc.,*

*Microsoft Corp, And Yahoo! Inc.,* Case No. 2-17-CM-3152-WC (M. D. Ala. 2017), attached

hereto as "Exhibit B." Both warrants—the one from the Middle District of Alabama and the one

herein from the Southern District of Alabama—contain language, Defendants assert, that was

taken directly from a federal prosecutor's manual, handbook or treatise. Both identically request

the following:

> "the contents of all emails associated with this account, including
> stored or preserved copies of emails sent to and from the account,
> draft emails, the source and destination addresses associated with
> each email, the date and time at which each email was sent, and the
> size and length of each email…"

This Court may review the search warrant language in this Middle District case and compare it

with the language in this immediate case. In many parts, the language is identical.

Characterizing the warrants with such language as "…a general exploratory

rummaging…" and an "overseizure," United States Magistrate Judge Capell denied the

government's search warrants due to the Court's concern with the overbreadth of the warrants,

the failure to specify restrictive dates of emails to be searched, the government's ability to search

more than its probable cause supported, and its failure to specify the need for information from

several of the specific accounts noted. United States District Court Judge Keith Watkins adopted much of the magistrate's reasoning and ordered the government to submit new search warrants with time restrictions and "…keyword search and appropriate protocols…" designed to limit the materials to be searched and seized. *Id.* at 26. The same should be required herein.

The broad and over-reaching search warrant requests of the government have concerned magistrates of jurisdictions other than the Kansas and Alabama magistrates noted herein. In the case *In The Matter of the Search of Information Associated with [redacted] @ mac.com that is Stored at Premises Controlled by Apple, Inc.,* 2014 WL 945563 (U.S.D.C. 2014), attached hereto as "Exhibit C," a United States Magistrate Judge was confronted with requests to seize "all emails" and raised similar concerns as those noted in the cases previously cited:

> "This Court is increasingly concerned about the government's applications for search warrants for electronic data. In essence, its applications ask for the entire universe of information tied to a particular account, even if it has established probable cause only for certain information."

*Id.* at 4. United States Magistrate Judge John M. Facciola was particularly troubled by the government's continuing insistence (as in this case before the Southern District of Alabama) on the overly broad and all encompassing language used by the government in its search warrants:

> "Under this approach, 'the initial section of the warrants authorizing the electronic communications service provider to disclose all email communications (including all content of the communications), and all records and other information regarding the account is too broad and too general.' *In re Applications or Search Warrants for Information Associated with Target Email Accounts/Skype Accounts,* Nos. 13–MJ–8163, 13–MJ–8164, 13–MJ–8165, 13–MJ–8166, 13–MJ–8167, 2013 WL 4647554, at *1 (D.Kan. Aug. 27, 2013) (" *In re App.*"). Despite the Court raising its concerns and urging the government to adopt a different approach, the government continues to ask for all electronically stored information in e-mail accounts, irrespective of the relevance to the investigation."

*Id.* at 4. Magistrate Facciola noted that the Court was "…troubled that the government seeks a broad search and seizure warrant for e-mails and all other content related to this e-mail account" and demanded more particularity than the "all emails" language the government commonly employs:

> "It is thus imperative that the government 'describe the items to be seized with as much specificity as the government's knowledge and circumstances allow.' *United States v. Leary*, 846 F.2d 592, 600 (10th Cir.1988)."

*Id.* at 6. Recognizing that "…the government has shown that it *can* 'describe the items to be seized with [ ] much specificity…'" Facciola observes that the government stubbornly chooses not to limit the scope of its requests. *Id.* [emphasis supplied by Court].

Magistrate Facciola is but one of many United States Magistrate Judges troubled by the government's broad and all-inclusive requests in its email search warrant applications. *See Patrick J. Cotter, Magistrates' Revolt: Unexpected Resistance to Federal Government Efforts to Get "General Warrants" for Electronic Information*, The National Law Review, May 15, 2015. There is a need for the government to adopt different protocols and procedures for email searches instead of its blanket request to seize everything in a citizen's email account. United States Magistrate Judge Facciola suggests such a procedure in detail:

> "In the *Facebook Opinion*, this Court urged the government to adopt a procedure that would allow it to obtain the information it legitimately needs for criminal investigations while respecting the Fourth Amendment, such as:
>
> 1. Asking the electronic communications service provider to provide specific limited information such as emails or faxes containing certain key words or emails sent to/from certain recipients;
>
> 2. Appointing a special master with authority to hire an independent vendor to use computerized search techniques to review the information for relevance and privilege;

3. If the segregation is to be done by government computer personnel, the government must agree in the warrant application that the computer personnel will not disclose to the investigators any information other than that which is the target of the warrant;

4. Magistrate judges should insist that the government waive reliance upon the plain view doctrine in digital evidence cases; and

5. The government's search protocol must be designed to uncover only the information for which it has probable cause, and only that information may be examined by the case agents.

*See Facebook Opinion*, —— F.Supp.2d at ——, 2013 WL 7856600, at \*8 (citing *In the Matter of Applications for Search Warrants for Case Nos. 12–MJ–8119– DJW and Information Associated with 12–MJ–9191– DJW Target Email Address*,Nos. 12–MJ– 8119, 12–MJ–8191, 2012 WL 4383917, at \*10 (items 1– 2); *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1180 (9th Cir.2010) (Kozinski, J. concurring) (items 3–5)). *See also In re Search Warrant*, 193 Vt. 51, 71 A.3d 1158, 1186 (Vt.2012) (upholding nine *ex ante* restrictions on a search warrant for electronic data but holding that the issuing officer could not prevent the government from relying on the plain view doctrine)."

*In The Matter of the Search of Information Associated with [redacted] @ mac.com* at 7.

There is also a concern with what the government will ultimately do with the emails it seizes. Magistrate Faciolla demands that the government include language, in its search warrants, that it "…destroy all contents and records that are not within the scope of the investigation." *Id*. at 9. Moreover, the lack of such language, by itself, is sufficient for the magistrate to deny a search warrant: "In this case, its absence is grounds enough for the Court to deny the Application." *Id*. It should be noted that Magistrate Facciola used this language when reviewing And denying a search warrant that, though over broad, was still more particularly detailed or restricted than the one *sub judice*. Defendants assert that had their particular search warrant been before Judge Facciola, it would have been immediately and summarily denied.

The search warrant herein is all encompassing and overly broad. It has no restriction on the time or dates of emails it seeks to seize, and it manifestly seeks to seize emails from a time

that has nothing to do with the government's investigation; it has no restriction as to what manner of communications it seeks to search, and it seeks to search and seize private, intimate, and privileged communications that have absolutely nothing to do with the government's investigation; it has no limitation on what the government might do with the emails not relevant to its investigation; it has no safeguard to protect its target from the disclosure—to the government or to others—of the contents of the emails it intends to seize. In sum, this warrant is but a boilerplate recital of old government search warrants that are wholly incompatible with the digital age and the privacy concerns peculiar to email.

Emails, like correspondence, are entitled to high levels of protection. "Given the fundamental similarities between emails and traditional forms of communications, it would defy common sense to afford emails lesser Fourth Amendment protections." *United States v. Warshak*, 631 F.3d 266, 285 (6th Cir. 2010). Emails are to be afforded the same privacy as telephone conversations, and search warrants seeking email communications should be subject to the same scrutiny as applied to telephone wiretapping applications for search warrants. *See City of Ontario v. Quon,* 560 U.S. 746, 130 S.Ct. 2619, 2631, 177 L.Ed.2d 216 (2010). It is surely a given that the no magistrate would never find, in the case before it, that the government would be entitled to wiretap every single conversation from an investigative target's telephone for all time as is requested in this email search. Similarly, no wiretap would be permitted without some restriction as to what was to be done with all of the non-relevant recorded communications seized.

Defendants humbly requests that the government tailor and restrict its search warrant as noted and suggested in the magistrates' opinions, particularly that of Magistrate Judge Facciola, cited herein. The scope of the search warrant's time needs to be defined and limited to the years

addressed in its civil complaint, namely 2014 through 2016. The information sought needs to be limited by key words and recipients. The plain view doctrine should be abrogated on review of items seized. The search should be limited only to areas and items for which the government has probable cause. Finally, privileged information should be excluded. Defendant can provide the email addresses of Defendants' attorneys to be filtered out and thus eliminate the possibility of the seizure of attorney-client related communications. While the undersigned knows the Assistant U. S. Attorney in this case has impeccable ethical standards and while the undersigned would never question his integrity, this undersigned attorney does not have the same level of trust in the government as a whole. The seizure of privileged emails should thus be avoided and prohibited.

Citizens of Alabama should be afforded the same constitutional and Fourth Amendment protections granted to citizens of Washington, D.C. by United States Magistrate Judge Facciola. Alabama citizens are no less deserving of such protections. These email search warrants, as presently filed by the government, are abusive, overly broad, and constitute a serious abridgement of the privacy rights of American citizens. Magistrates throughout the nation are recognizing this fact, and Defendants humbly contend Alabama magistrates should protect them to the same extent citizens of other jurisdictions—some within this very state—are protected. For these reasons, this search warrant is due to be quashed and/or re-drafted with the protections and restrictions noted herein.

Respectfully submitted this the 27th day of April, 2018.

/s/ Dan W. Taliaferro
Dan W. Taliaferro,
Attorney for Todd Edmiston
and Bart Edmiston

DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080
Email: danwtaliaferro@msn.com

## Certificate of Service

I hereby certify that on the 27th day of April, 2018, I served a copy of the foregoing, by electronically filing the same with Alacourt / Alafile, on the following:

Chris Bodnar, Esq.
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602

/s/ Dan W. Taliaferro
DAN W. TALIAFERRO (TAL 006)
Attorney for Defendant